UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YOLANDA THOMAS,

      Plaintiff,                              Case No. 17-cv-10558

                                            HON. MARK A. GOLDSMITH
vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.,

      Defendant.
_____/

## OPINION & ORDER
## DENYING DEFENDANT STATE FARM'S MOTION FOR SUMMARY JUDGMENT
## (Dkt. 35)

This matter is before the Court on Defendant State Farm Mutual Automobile Insurance Co.'s ("State Farm") motion for summary judgment (Dkt. 35). The issues have been fully briefed. Because oral argument will not aid the decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). For the reasons that follow, the Court denies State Farm's motion.

## I. BACKGROUND

Plaintiff Yolanda Thomas was involved in two distinct motor vehicle accidents in 2014: one in January and one in November. Statement of Mat. Facts ¶ 2 (Dkt. 35). Thomas now seeks payment of no-fault benefits from Defendant State Farm. Id. ¶ 3. According to Thomas's doctor, she sustained a traumatic brain injury and suffers from memory loss. See Bleiberg Dep., Ex. 3 to Pl. Resp, at 18, 104 (Dkt. 45-6). Due to her injuries, Thomas received in-home attendant care through One Life Care Services. Statement of Mat. Facts ¶ 5. Plaintiff's counsel submitted

1

attendant care calendars, signed by Plaintiff, as part of her claim for PIP (personal injury protection) benefits. Counter-Statement of Mat. Facts ¶ 10 (Dkt. 45). These calendars noted that Thomas was receiving in-home care every day between September 2015 and November 2017, though it does not appear calendars for June 2016, June 2017, or July 2017 were submitted.[1] See Attendant Care Calendars, Ex. C to Def. Mot (Dkt. 35). However, Thomas was attending an in-patient physical therapy program from November 2016 through January 11, 2017, Statement of Mat. Facts ¶ 5, and was in a coma in the hospital between May 21, 2017 and June 3, 2017, id. ¶ 8. State Farm – whose policy provides that "[t]here is no coverage under this policy if you or any other person insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy" – cut off payment of PIP benefits due to this allegedly fraudulent behavior. Insurance Policy, Ex. D to Def. Mot., § 11 (Dkt. 35). Thomas brought this suit seeking payment of benefits.

## II. STANDARD OF REVIEW

A motion for summary judgment under Federal Rule of Civil Procedure 56 shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when there are "disputes over facts that might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[F]acts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007). "Where the record taken as a whole

---

[1] The email cover letter accompanying the calendars also claims to be submitting the August 2016 calendar, but no such calendar was filed with the summary judgment motion.

could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III. ANALYSIS

Under Michigan law, fraudulent misrepresentations made in the course of an insurance claim may void the policy. An insurance company seeking to void a policy must establish four elements:

> (1) the misrepresentation was material, (2) that it was false, (3) that the insured knew that it was false at the time it was made or that it was made recklessly, without any knowledge of its truth, and (4) that the insured made the material misrepresentation with the intention that the insurer would act upon it. A statement is material if it is reasonably relevant to the insurer's investigation of a claim.

Bahri v. IDS Prop. Cas. Ins. Co., 864 N.W.2d 609, 612 (Mich. Ct. App. 2014) (internal quotation marks omitted).

There is no dispute regarding the first two elements. A misrepresentation was made, as Thomas could not possibly have used the attendant care services while she was hospitalized or in an in-patient facility. See Diallo v. Nationwide Mut. Fire Ins. Co., No. 328639, 2016 WL 6780735, at *4 (Mich. Ct. App. Nov. 15, 2016) ("[I]t was physically impossible for the household replacement services to be performed in the manner outlined in the submitted claims."). It is also clear that the misrepresentation was material, as she requested reimbursement for days when she was not using the services. See Meemic Ins. Co. v. Fortson, No. 337728, ___ N.W.2d ___, 2018 WL 2424356 at *2 (Mich. Ct. App. May 29, 2018) ("Despite the fact that he was not being cared for by Louise and Richard at those times, Louise submitted payment requests to Meemic, stating that they had provided constant attendant care to Justin. That constituted a material misrepresentation."). This is true regardless of the value represented by the material misrepresentation. See Tipou v. Marsh, No. 334588, 2018 WL 1072941, at *2 (Mich. Ct. App.

3

Feb. 27, 2018), appeal denied, 917 N.W.2d 62 (Mich. Sept. 12, 2018) (finding that a misrepresentation of $400 was sufficient to trigger exclusion).

State Farm is unable to show as a matter of law, however, that Thomas knew that the misrepresentation was false at the time it was made or that it was made recklessly, without any knowledge of its truth. Nor can State Farm show that she made the material misrepresentation with the intention that the insurer would act upon it. State Farm argues that there "can be no other intent in providing false attendant care services records than an attempt to obtain benefits to which she is not entitled." Def. Mot. at 8 (Dkt. 35). Therefore, State Farm contends, the timesheets submitted by Thomas, which contain false statements, void the policy. Thomas counters that "a reasonable juror could easily conclude that Plaintiff, who could not pay her own bills or remember to take her medication, lacked the intent for fraud by clear and convincing evidence." Pl. Resp. at 18-19 (Dkt. 45-2). State Farm replies that Thomas is arguing "that she is mentally incapacitated, and; [sic] therefore, she was unable to commit fraud," claiming that this is a "seemingly novel argument." Def. Reply. at 2 (Dkt. 48). State Farm does not otherwise rebut the argument that Thomas lacked the intent to defraud.

Contrary to State Farm's contention that Thomas's argument is "seemingly novel," there is ample Michigan precedent supporting the view that evidence of the plaintiff's impaired mental state defeats summary disposition in favor of the insurer. See, e.g., Pitts v. Doe, Nos. 338371, 338475, 2018 WL 4002049, at *4 (Mich. Ct. App. Aug. 21, 2018) ("Intent to defraud is not shown where false statements are made as a result of inadequate memory, unintentional error, confusion, or the like."); see also Hatcher v. Liberty Mut. Ins. Co., No. 330062, 2017 WL 1367119, at *4 (Mich. Ct. App. Apr. 13, 2017) (summary disposition in no-fault benefits case not appropriate where, among other reasons, there was question of fact whether failure to recall earlier episode

of neck pain was fraudulent or "failure of memory"). While Michigan courts recognize that summary disposition may be appropriate where the evidence incontrovertibly establishes fraudulent intent, see, e.g., Bahri, 864 N.W.2d at 612-613, that outcome is not appropriate where a genuine issue of fact remains. See Hatcher at *2, n.4 (distinguishing Bahri as involving "uncontested evidence" of fraud).

Here, there is evidence that Thomas had significant trouble with her memory. Her doctor testified that she has "memory issues," which prevented her from giving details of the timing of prior accidents and the care she received. See Bleiberg Dep. at 18. He also described that Thomas has "confusion." Id. at 84. The doctor further testified that she had suffered a traumatic brain injury following the November 2014 accident. See id. at 70. Thomas' deposition revealed that she remembered few details about her accident, as she was unable to recall when it occurred, see Thomas Dep., Ex. 1 to Pl. Resp. at 11 (Dkt. 45-4), how it occurred, see id. at 13, or at which hospital she was treated, see id. at 18. She testified that her memory loss started after the accident. Id. at 23. Thomas also could not remember the name of One Life Care Services or how long they had been assisting her. Id. at 27.

As is clear from her doctor's diagnosis and her deposition testimony, Thomas has significant memory issues. Given these memory issues, State Farm has pointed to no evidence in the record that Thomas knew she was providing false statements when submitting the attendant care calendars. Therefore, State Form has not shown that Thomas knew any statements were made were false at the time they were made. Nor has State Farm shown that Thomas made any statements recklessly. Because State Farm is unable to adduce evidence on either point to

neutralize Thomas' memory issues, a reasonable jury could conclude that Thomas did not intend to defraud State Farm. Accordingly, summary judgment is inappropriate.[2]

## IV. CONCLUSION

For these reasons, Defendant's motion for summary judgment (Dkt. 35) is denied.

SO ORDERED.

Dated: November 1, 2018         s/Mark A. Goldsmith
Detroit, Michigan        MARK A. GOLDSMITH
       United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 1, 2018.

       s/Karri Sandusky
       Case Manager

---

[2] State Farm's argument in its reply brief that Thomas's counsel was involved in the process of transmitting timesheets to it, see Def. Reply at 2, is a fact with no legal significance. The issue is whether Thomas acted with fraudulent intent; State Farm fails to explain how the involvement of counsel in the process has any bearing on that issue.