**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

YOLANDA THOMAS,

        Plaintiff,                   Case No. 17-cv-10558

v                                  Hon. Mark A. Goldsmith

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.,

        Defendant.

---

| | |
|---|---|
| ROBERT SMITH  (P31191) | MICHAEL W. SLATER  (P65227) |
| DAILEY LAW FIRM, P.C. | CHASE M. KUBICA  (P74151) |
| Attorney for Plaintiff | PLUNKETT COONEY |
| 36700 Woodward Ave., Ste. 107 | Attorney for Defendant |
| Bloomfield Hills, MI  48304 | 38505 Woodward Ave., Ste. 100 |
| (248) 744-5005 | Bloomfield Hills, MI  48304 |
| rsmith@daileylawyers.com | (248) 594-2703 |
| debbie@daileylawyers.com | mslater@plunkettcooney.com |
| | ckubica@plunkettcooney.com |

---

### DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION FOR LEAVE TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT

NOW COMES, Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., by and through its attorneys, PLUNKETT COONEY, and for its Motion for Leave to File a Second Motion for Summary Judgment, states as follows:

1.     The undersigned counsel certifies that he made reasonable efforts to seek concurrence for this Motion, including sending an e-mail explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief, and opposing counsel denied concurrence, thus necessitating this Motion.

2.     Yolanda Thomas (hereinafter "Plaintiff") filed the subject lawsuit seeking No-Fault PIP benefits from State Farm Mutual Automobile Insurance Company (hereinafter "Defendant") following motor vehicle accidents in January 2014 and November 2014.

3.     Defendant previously filed a Motion for Summary Judgment (Dkt. 35) seeking dismissal of Plaintiff's claim for what were, in Defendant's assertion, fraudulent misrepresentations relative to her claim for No-Fault PIP benefits made by both Plaintiff and Mr Johnny Hunter. The subject of that motion was separate and distinct from Defendants proposed Motion for Summary Judgment which pertains to lack of licensing required to operate an adult foster home which was not discussed in Mr. Hunter's deposition. Defendants proposed motion contends that Mr. Hunter is operating an Adult Foster Care facility which requires a license pursuant to MCL 400. 713 (1) and because he lacked the appropriate license his services were unlawfully rendered as he operated under a business

2

plan of a single charge for all services including rent charged to Plaintiff. **Exhibit A-** Johnny Hunter deposition p 9, 12, 16, 19, 33 and 35.

4.     Despite same, this Honorable Court denied Defendant's Motion (Dkt. 51). (**Exhibit B** – Opinion and Order Denying Defendant's Motion for Summary Judgment).

5.     According this Honorable Court's original Case Management and Scheduling Order (Dkt. 15) no party may file more than one motion for summary judgment without obtaining leave of the Court.  (**Exhibit C** – Case Management and Scheduling Order).

6.     At the time of Defendant's first Motion for Summary Judgment, Defendant was under the suspicion that Mr. Johnny Hunter, Plaintiff's alleged service provider, was operating a 24 attendant care facility while not being not licensed as an Adult Foster Care facility and that the availability of the 24 hour a day attendant care was enough to satisfy the requirement of an Adult Foster Care license pursuant to MCL 400.713(1). This included calendars of service barred by the one year back order that claimed 24 hours a day. **Exhibit D- One Year back order** (Dkt. 30), however Defendant has been provided inconsistent affidavits including affidavits provided on <u>December 19, 2018</u> that differ from the affidavits previously submitted on December 13, 2017. **Exhibit E Affidavits submitted 12/19/18 and Exhibit F- Affidavits submitted December 13, 2017 and**

**November 2017.**  These additional affidavits further illustrate that an Adult Foster Care license is required by Mr. Hunter, as they present additional claims for 24 hours a day that were previously not provided.

7.    Defendant was not able to confirm same until Plaintiff submitted additional, never been before seen attendant care forms attached to her facilitation summary, signed by Mr. Hunter, alleging that he was in fact providing 24 hour care to Plaintiff.

8.    Defendant was not able to confirm this new information until approximately two days before the December 20, 2018 Facilitation.

9.    However during such time, the deadline for filing Motions pursuant to the Court's Amended Case Management and Scheduling Order (Dkt. 31) had passed. (**Exhibit G** – Amended Case Management and Scheduling Order).

10.    A court's scheduling order can only be modified for leave to file a second motion only for good cause and with the judge's consent.  Fed. R. Civ. P. 16(b)(4).

11.    The Sixth Circuit and its sister Circuits have set forth two factors to determine whether the moving party has met rule 16's "good cause" standard: (1) diligence in attempting to meet the case management order's

requirements and; (2) possible prejudice to party opposing the modification. *Inge v. Rock Financial Corp*, 281 F.3d 613, 625 (6th Cir. 2002).

12.    In the instant matter, Defendant has diligently attempted to meet the case management's order requirements and as such filed its initial Motion for Summary Judgment (Dkt. 35) on March 15, 2018.

13.    The Sixth Circuit has held that parties "can demonstrate 'good cause' for their failure to comply with the original schedule by showing that despite their diligence they could not meet the original deadline." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

14.    Defendant did not receive the aforementioned new information until two days before facilitation in this matter, and as such could not meet the original deadline for filing a second Motion for Summary Judgment under this Court Amended Scheduling Order.

15.    There is no prejudice as one rendering adult foster care services and operating a business such as Mr. Hunter should be aware of the requirements of Adult Foster Care Licensing pursuant to MCL 400. 713 (1).  In addition the licensing discussed at Mr. Hunters deposition dealt with the licenses of his business being incorporated and the license of those individuals he hired to render services to which he never provided the names and licenses of those particular individuals in the form of physical therapists and

registered nurses requested at his deposition. **Exhibit  A** pgs 9, 12, 16, 29, 33 and 35.

16.    Upon learning this new information, Defendant immediately began preparation of its second Motion for Summary Judgment (Dkt. 57) and originally filed same with this Honorable Court on December 19, 2018.

17.    Furthermore, leave to re-file Defendant's second Motion for Summary Judgment would not prejudice Plaintiff in any way.

18.    A trial date for this matter has not yet been set and Plaintiff will have ample opportunity to respond to Plaintiff's second Motion for Summary Judgment.

19.    I, Chase M. Kubica, certify that this document complies with Local Rule 5.1(a).  I also certify that it is the appropriate length.  Local Rule 7.1(d)(3).

WHEREFORE Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, respectfully requests that this Honorable Court GRANT its Motion and enter an Order allowing State Farm to file its Second Motion for Summary Judgment.

PLUNKETT COONEY
By:   /s/  Chase M. Kubica
       MICHAEL W. SLATER (P65227)
       CHASE M. KUBICA (P74151)
       Attorneys for Defendant

DATED:  January 11, 2019

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

YOLANDA THOMAS,

            Plaintiff,                      Case No. 17-cv-10558

v                                     Hon. Mark A. Goldsmith

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.,

            Defendant.

---

| | |
|---|---|
| ROBERT SMITH  (P31191) | MICHAEL W. SLATER  (P65227) |
| DAILEY LAW FIRM, P.C. | CHASE M. KUBICA  (P74151) |
| Attorney for Plaintiff | PLUNKETT COONEY |
| 36700 Woodward Ave., Ste. 107 | Attorney for Defendant |
| Bloomfield Hills, MI  48304 | 38505 Woodward Ave., Ste. 100 |
| (248) 744-5005 | Bloomfield Hills, MI  48304 |
| rsmith@daileylawyers.com | (248) 594-2703 |
| debbie@daileylawyers.com | mslater@plunkettcooney.com |
| | ckubica@plunkettcooney.com |

---

**BRIEF IN SUPPORT OF DEFENDANT STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY'S MOTION FOR LEAVE TO FILE A SECOND MOTION
FOR SUMMARY JUDGMENT**

# <u>TABLE OF CONTENTS</u>

I.   <u>RELEVANT FACTS AND PROCEDURAL HISTORY</u>.............................................................1

II.  <u>LEGAL ANALYSIS</u>..................................................................................................................2

# INDEX OF AUTHORITIES

**Cases**

*Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)...................................................2,5

*Inge v. Rock Financial Corp*, 281 F.3d 613, 625 (6th Cir. 2002)....................................2

**Rules**

Fed. R. Civ. P. 16(b)(4) ..........................................................................................................4

## **ISSUE PRESENTED**

Should the Court grant Defendant Leave to file a Second Motion for Summary Judgment to be filed after the deadline in this Honorable Court's Amended Scheduling Order?

Defendant Answers:                Yes

## I.      RELEVANT FACTS AND PROCEDURAL HISTORY

This lawsuit was filed in connection with two motor vehicle accidents.  The accidents allegedly occurred on January 7, 2014 and November 24, 2014. Plaintiff has alleged multiple injuries following the aforementioned accidents, including but not limited to, back pain, neck pain, headaches, visual problems, and memory issues.   As detailed in the above motion, Defendant filed a Motion for Summary Judgment (Dkt. 35) seeking dismissal of Plaintiff's claim for No-Fault PIP benefits, for what Defendant asserted to be fraudulent misrepresentations by Plaintiff.  Despite same, this Honorable Court denied Defendant's Motion (Dkt. 51).  (**Exhibit G** – Opinion and Order Denying Defendant's Motion for Summary Judgment).

Approximately two days before Facilitation in this matter, Defendant learned new information which confirmed its original suspicion that Plaintiff's service provider, Johnny Hunter, was operating a 24 hour attendant care facility while being unlicensed.  Defendant was not able to definitively confirm same at the time of the filing of its first Motion for Summary Judgment.  However, even though Defendant was able to confirm its suspicions, the deadline to file any Motions has passed pursuant to this Honorable Court Amended Case Management and Scheduling Order (Dkt. 31). (**Exhibit C** – Amended Case

Management and Scheduling Order).  As such, Defendant seeks leave to file a Second Motion for Summary Judgment pursuant to Local Rule 7.1(b)(2) and this Honorable Court's Case Management and Scheduling Order.

## II.  LEGAL ANALYSIS

A court's scheduling order may be modified only for good cause shown and with the judge's consent.  Fed. R. Civ. P. 16(b)(4).  Whether to grant leave under Rule 16(b) is fully in this Honorable Court's discretion.  *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).  The Sixth Circuit and its sister Circuits have set forth two factors to determine whether the moving party has met rule 16's "good cause" standard: (1) diligence in attempting to meet the case management order's requirements and; (2) possible prejudice to party opposing the modification.  *Inge v. Rock Financial Corp*, 281 F.3d 613, 625 (6th Cir. 2002). The Sixth Circuit has further held that parties "can demonstrate 'good cause' for their failure to comply with the original schedule by showing that despite their diligence they could not meet the original deadline." *Leary*, 349 F.3d at 909.

As detailed in the above Motion, Defendant diligently filed its First Motion for Summary Judgment on March 15, 2018, well in advance of this Honorable Court's July 2, 2018 deadline.  However, as mentioned above, defendant did not receive the aforementioned new information until two days

2

before facilitation in this matter  (December 18, 2018) and as such could not meet the original deadline for filing a second Motion for Summary Judgment under this Court Amended Scheduling Order.  After confirming this new information, Defendant diligently began preparation of its Second Motion for Summary Judgment, originally filing same on December 19, 2018.  In addressing the express "good cause" requirement of Rule 16(b), the court must also evaluate the potential prejudice to the non-movant if leave is granted. *Id*.  There is no prejudice to Plaintiff in the instant matter, as a trial date has not yet been yet, and Plaintiff will ample opportunity to respond to Defendant's Motion.  Plaintiff's service provider as an owner of an attendant care facility should be aware of the appropriate licensing requirements to operate a business.

WHEREFORE Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, respectfully requests that this Honorable Court GRANT its Motion and enter an Order allowing State Farm to file its Second Motion for Summary Judgment.

PLUNKETT COONEY
By:  /s/  Chase M. Kubica
MICHAEL W. SLATER (P65227)
CHASE M. KUBICA (P74151)
Attorneys for Defendant

DATED:  January 11, 2019
Open.23752.70836.21464515-1

3

## **PROOF OF SERVICE**

The undersigned certifies that on the 11th day of January, 2019, a copy of the foregoing document was served upon the attorney(s) of record in this matter at their stated business address as disclosed by the records herein via:

☐ Hand delivery     ☐ Overnight mail
☐ U.S. Mail           ☐ Facsimile
☐ Email              ☒ Electronic e-file

I declare under the penalty of perjury that the foregoing statement is true to the best of my information, knowledge and belief.

/s/  Chase M. Kubica

_____

Chase M. Kubica

4