**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NYLA PERRIN, as PERSONAL
REPRESENTATIVE OF THE ESTATE
OF YOLANDA THOMAS,

    Plaintiff,       Case No. 17-cv-10558
v             Hon. Mark A. Goldsmith

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.,

    Defendant.

---

| BRIAN T. DAILEY  (P39945) | MICHAEL W. SLATER  (P65227) |
|---|---|
| DAILEY LAW FIRM, P.C. | CHASE M. KUBICA  (P74151) |
| Attorney for Plaintiff | PLUNKETT COONEY |
| 36700 Woodward Ave., Ste. 107 | Attorneys for Defendant |
| Bloomfield Hills, MI  48304 | 38505 Woodward Ave., Ste. 100 |
| (248) 744-5005 | Bloomfield Hills, MI  48304 |
| attorneybriandailey@gmail.com | (248) 594-2703 |
|  | ckubica@plunkettcooney.com |

---

**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S**
**REPLY TO PLAINTIFF'S RESPONSE TO STATE FARM'S MOTION FOR LEAVE**
**TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT**

## ISSUE PRESENTED

Should the Court grant State Farm leave to file a Second Motion for Summary Judgment?

Plaintiff answers:               No

State Farm answers:        Yes

## **INDEX OF AUTHORITIES**

**Cases**

*Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) ................................................... 5,6

*Inge v. Rock Financial Corp*, 281 F.3d 613, 625 (6th Cir. 2002) ................................... 5

**Statutes**

MCL 400.713(1) ...........................................................................................................4

Rule 16 of the Federal Rules of Civil Procedure ......................................................... 5

**Local Rules**

LR 7.1(e)(2)(B) ................................................................................................................ 5

## I.   INTRODUCTION/RELEVANT FACTS:

On January 11, 2019, State Farm filed its Motion for Leave to file a Second Motion for Summary Judgment (Dkt. 59). On March 21, 2019, more than two months after being served with State Farm's Motion, Nyla Perrin, as Personal Representative of the Estate of Yolanda Thomas (hereinafter "Plaintiff") filed and served her untimely Response in Opposition to State Farm's Motion (Dkt. 69).

Pursuant to LR 7.1(e)(2)(B), Plaintiff's Response to State Farm's Motion was due on or before January 25, 2019. As Plaintiff's Response was clearly filed two months after the deadline to file a Response, this Honorable Court should enter an Order striking Plaintiff's Reply as untimely.

Additionally, in her response Plaintiff fails to acknowledge the actual premise of the leave to file for a second Motion for Summary Judgment: That at the time of its original Motion for Summary Judgment it was suspected that Mr. Hunter was operating an unlicensed 24 hour foster care facility. The same was not confirmed until Mr. Hunter submitted claimable and inconsistent affidavits on December 19, 2018 showing that he was indeed providing 24 hour care to Ms. Thomas, for which a license is needed under MCL 400.713(1).

## II.   <u>LEGAL ANALYSIS:</u>

Local Rule 7.1 (e)(2) of the U.S. District Court for the Eastern District of Michigan controls with respect to motion practice and the briefing schedule for nondispositive motions. LR 7.1(e)(2)(B) provides: "A response to a nondispositive motion must be filed within 14 days after the service of the motion ." Here, State Farm filed its Motion for Leave to a Second Motion for Summary Judgment on January 11, 2019 (Dkt. 59), which would, as per the above cited local rule, require Plaintiff to file her response on or before January 25, 2019. As a consequence of being untimely, Plaintiff Response to State Farm's Motion should be stricken by this Honorable Court.

In reply to Plaintiff's untimely response, a court's scheduling order may be modified only for good cause shown and with the judge's consent. Fed. R. Civ. P. 16(b)(4). Whether to grant leave under Rule 16(b) is fully in this Honorable Court's discretion. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). The Sixth Circuit and its sister Circuits have set forth two factors to determine whether the moving party has met rule 16's "good cause" standard: (1) diligence in attempting to meet the case management order's requirements and; (2) possible prejudice to party opposing the modification. *Inge v. Rock Financial Corp*, 281 F.3d 613, 625 (6th Cir. 2002). The Sixth Circuit has further held that parties "can demonstrate 'good cause' for their failure to comply

5

with the original schedule by showing that despite their diligence they could not meet the original deadline." *Leary*, 349 F.3d at 909.

As detailed in State Farm's Motion for Leave, State Farm did not receive the aforementioned new information until two days before facilitation in this matter (December 18, 2018) and as such could not meet the original deadline for filing a second Motion for Summary Judgment under this Court Amended Scheduling Order. The new information (which is the newly submitted but yet inconsistent attendant care affidavits that show that licensing is required) is the basis State Farm's request for leave. The same is a separate factual issue than the original Motion for Summary Judgment and despite State Farm's requests Mr. Hunter has not provided any documents relative to any form of licensing that he agreed to provide at the time of his deposition. The same was required for State Farm to investigate the aforementioned factual issue.

The issue in State Farm's renewed Motion is a separate issue from State Farm's first Motion for Summary Judgment. In addressing the express "good cause" requirement of Rule 16(b), the court must also evaluate the potential prejudice to the non-movant if leave is granted. *Id.* at 909. There is no prejudice to Plaintiff in the instant matter, as a trial date has not yet been yet, and Plaintiff will ample opportunity to respond to Defendant's Motion. The fact that Ms. Thomas has now passed is immaterial to that matter, as this issue

6

concerns Mr. Hunter. Mr. Hunter, as an owner of an attendant care facility, should be aware of the appropriate licensing requirements to operate a business and his awareness of same is not affected by the demise of Ms. Thomas.

WHEREFORE Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, respectfully requests that this Honorable Court GRANT its Motion and enter an Order allowing State Farm to file its Second Motion for Summary Judgment.

PLUNKETT COONEY

*/s/ Chase M. Kubica*
CHASE M. KUBICA (P74151)
PLUNKETT COONEY
Attorney for Defendant
38505 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248) 594-2703

Dated: March 28, 2019
Open.23752.70836.21881653-1

7

## **PROOF OF SERVICE**

The undersigned certifies that on the 28th day of March, 2019, a copy of the foregoing document was served upon the attorney(s) of record in this matter at their stated business address as disclosed by the records herein via:

| Hand delivery | ☐ Overnight mail |
| U.S. Mail | ☐ Facsimile |
| Email | ☒ Electronic e-file |

I declare under the penalty of perjury that the foregoing statement is true to the best of my information, knowledge and belief.

/s/ Chase M. Kubica

Chase M. Kubica