UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NYLA PERRIN, as PERSONAL
REPRESENTATIVE OF THE ESTATE
OF YOLANDA THOMAS,

        Plaintiff,                           Case No. 17-cv-10558

                                              HON. MARK A. GOLDSMITH

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.,

        Defendant.
_____/

**ORDER**
**(1) GRANTING DEFENDANT'S MOTON TO AMEND ANSWER (Dkt. 53) AND (2) GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT (Dkt. 59)**

      This matter is before the Court on Defendant's motion to amend answer (Dkt. 53) and Defendant's motion for leave to file second motion for summary judgment (Dkt. 59). The Court held a hearing on these motions on May 2, 2019. For the reasons that follow, the motion to amend answer is granted and the motion for leave to file second motion for summary judgment is granted.

**I. MOTION TO AMEND ANSWER (Dkt. 53)**

      Defendant State Farm seeks to amend its answer to include fraud as an affirmative defense. Federal Rule of Civil Procedure 15(a)(2) provides that a party "may amend its pleading only with the opposing party's written consent or the court's leave," the latter of which should be "freely give[n] when justice so requires." Leave should be given "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

1

opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).

Here, the motion to amend was not filed until after the Court denied Defendant's first motion for summary judgment, which was premised on fraud committed by Plaintiff's decedent, Yolanda Thomas. While it would be within the Court's prerogative to deny the motion on the grounds of undue delay, see Kader v. Sarepta Therapeutics, Inc., 887 F.3d 48, 61 (1st Cir. 2018) ("condemn[ing] a 'wait and see' approach to pleading" as it pertains to motions to amend complaint), the Court finds that there is no prejudice to Plaintiff by allowing the amendment. Plaintiff argues that she would be prejudiced because Defendant was aware of the alleged fraud for eight months before filing its motion to amend, and that Thomas has since died. This may be the case, but it is also true that Thomas was deposed regarding the supposed fraud before her death, and that Plaintiff could not possibly be surprised about Defendant's fraud defense in this case, given that it was the primary argument in Defendant's motion for summary judgment.

Because the issue of fraud has been in this case at least since the summary-judgment stage, the Court grants Defendant's motion to amend answer (Dkt. 53).

## II. MOTION FOR LEAVE TO FILE SECOND SUMMARY JUDGMENT MOTION (Dkt. 59)

Defendant seeks to avoid two procedural hurdles with its motion for leave to file second summary judgment motion. First, the Local Rules require that a party "obtain leave of court to file more than one motion for summary judgment." L.R. E.D. Mich. 7.1(b)(2). Second, the request to file a second summary judgment motion came on January 11, 2019, long after the dispositive motion deadline passed, see 12/19/2017 Order Amending Case Management and Scheduling Order (Dkt. 31) (setting March 15, 2018 dispositive motion deadline); Federal Rule of Civil

2

Procedure 16(b)(4) provides that a schedule may be modified only for good cause and with the judge's consent.

The Court will grant leave to file a second motion for summary judgment. The primary consideration that courts in this district must consider when confronted with a request to change a scheduling order "is the moving party's diligence in attempting to meet the case management order's requirements." Inge v. Rock Financial Corp., 281 F.3d 613, 625 (6th Cir. 2002) (internal quotation marks omitted). "Another relevant consideration is possible prejudice to the party opposing the modification." Id.

Here, Defendant will move for summary judgment on an argument that Thomas's care provider was operating as an unlicensed adult foster care facility. Defendant claims that it only became aware of the evidence that would be the grounds of the second motion in December 2018, just days before a facilitation that the parties conducted in this matter. This evidence, consisting of new attendant-care calendars, allegedly shows that Thomas was receiving 24-hour care from her provider, which Defendant claims requires licensure under Michigan law. Previously, Defendant had been provided calendars showing 12-hour care for the same period. While Defendant had been presented with calendars showing 24-hour care during periods not recoverable under the one-year back rule, see Mich. Comp. Laws 500.3145(1), Defendant claims these were ignored because Plaintiff could not recover for services in the earlier time period. It appears, then, that Defendant has been diligent in attempting to meet the case management order's requirements. Additionally, there is no prejudice, as Plaintiff conceded at the hearing on this motion that Thomas would likely have been unable to testify regarding the 24-hour care issue, due to mental incapacity. Thus the delay in bringing this motion creates no prejudice.

### III. CONCLUSION

For these reasons, Defendant's motion to amend answer (Dkt. 53) is granted, and Defendant's motion for leave to file second summary judgment motion (Dkt. 59) is granted. Defendant shall file the its amended answer and summary judgment motion by **May 13, 2019.** Plaintiff shall file her response by **June 3, 2019**, and Defendant shall file its reply by **June 10, 2019.**

SO ORDERED.

Dated: May 6, 2019  s/Mark A. Goldsmith
 Detroit, Michigan  MARK A. GOLDSMITH
  United States District Judge