UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NYLA PERRIN, as PERSONAL
REPRESENTATIVE OF THE ESTATE
OF YOLANDA THOMAS,

       Plaintiff,                      Case No. 17-cv-10558

                                        HON. MARK A. GOLDSMITH

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.,

       Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT STATE FARM'S SECOND MOTION FOR SUMMARY
JUDGMENT (Dkt. 74)**

This matter is before the Court on Defendant State Farm's second motion for summary judgment (Dkt. 74). The issues have been fully briefed. Because oral argument will not aid the decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). For the reasons that follow, the Court denies State Farm's motion.

**I. BACKGROUND**

The Court previously explained the facts of the case as follows:

Plaintiff Yolanda Thomas was involved in two distinct motor vehicle accidents in 2014: one in January and one in November. Statement of Mat. Facts ¶ 2 (Dkt. 35). Thomas now seeks payment of no-fault benefits from Defendant State Farm. Id. ¶ 3. According to Thomas's doctor, she sustained a traumatic brain injury and suffers from memory loss. See Bleiberg Dep., Ex. 3 to Pl. Resp, at 18, 104 (Dkt. 45-6). Due to her injuries, Thomas received in-home attendant care through One Life Care Services. Statement of Mat. Facts ¶ 5. Plaintiff's counsel submitted attendant care calendars, signed by Plaintiff, as part of her claim for PIP (personal injury protection) benefits. Counter-Statement of Mat. Facts ¶ 10 (Dkt. 45). These calendars noted that Thomas was receiving in-home care every day between

1

September 2015 and November 2017, though it does not appear calendars for June 2016, June 2017, or July 2017 were submitted. See Attendant Care Calendars, Ex. C to Def. Mot (Dkt. 35). However, Thomas was attending an in-patient physical therapy program from November 2016 through January 11, 2017, Statement of Mat. Facts ¶ 5, and was in a coma in the hospital between May 21, 2017 and June 3, 2017, id. ¶ 8. State Farm – whose policy provides that "[t]here is no coverage under this policy if you or any other person insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy" – cut off payment of PIP benefits due to this allegedly fraudulent behavior. Insurance Policy, Ex. D to Def. Mot., § 11 (Dkt. 35). Thomas brought this suit seeking payment of benefits.

See 11/1/2018 Op. & Order Denying Def. Mot. for Summ. J. (Dkt. 51) (internal footnote omitted).

Following the Court's denial of its prior motion, State Farm acquired additional attendant care calendars from Plaintiff's counsel. These calendars show that Thomas was receiving 24-hour care from September 22, 2017 through December 22, 2017. See New Attendant Care Calendars, Ex. B. to Def. 2d Mot. (Dkt. 74-3). At his deposition, Johnny Hunter – the owner of One Life Care Services ("One Life") – testified that his company provided the following services: "assisting, hygiene, grooming, bathing, toileting, positioning, physical therapy oversight. . . . Eating, preparing meals, safety services, make sure she's taking her medicine, medication management, making sure she's taking her medicine on time when she's supposed to." Hunter Dep., Ex. A to Def. 2d Mot., at 15-16 (Dkt. 74-2).

State Farm filed a motion for leave to file a second summary judgment motion, which this Court granted. See 5/6/2019 Order (Dkt. 73). In its second motion for summary judgment, State Farm argues that One Life operated as unlicensed adult foster care facility, and thus Plaintiff is barred from recovery.

## II. STANDARD OF REVIEW

A motion for summary judgment under Federal Rule of Civil Procedure 56 shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when there are "disputes over facts that might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[F]acts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III. ANALYSIS

State Farm argues that recovery for benefits is barred because One Life operates as an adult foster care facility, but is not properly licensed as such. Michigan law requires that any person or entity who runs an adult foster care facility be licensed by the state. See Mich. Comp. Laws § 400.713(1). An "adult foster care facility" is "a home or facility that provides foster care to adults," Mich. Comp. Laws § 400.703(4), with "foster care" defined as "the provision of supervision, personal care, and protection in addition to room and board, for 24 hours a day, 5 or more days a week, and for 2 or more consecutive weeks for compensation provided at a single address." Mich. Comp. Laws § 400.704(8). In turn, "supervision" is defined as

> [G]uidance of a resident in the activities of daily living, including 1 or more of the following:
>
> (a) Reminding a resident to maintain his or her medication schedule, as directed by the resident's physician.
>
> (b) Reminding a resident of important activities to be carried out.
>
> (c) Assisting a resident in keeping appointments.
>
> (d) Being aware of a resident's general whereabouts even though the resident may travel independently about the community.

Mich. Comp. Laws § 400.707(7). "Personal care" is defined, in relevant part, as "personal assistance provided by a licensee or an agent or employee of a licensee to a resident who requires assistance with dressing, personal hygiene, grooming, maintenance of a medication schedule as directed and supervised by the resident's physician," Mich. Comp. Laws § 400.706(1), while "protection" is defined, in relevant part, as "the continual responsibility of the licensee to take reasonable action to ensure the health, safety, and well-being of a resident, including protection from physical harm, humiliation, intimidation, and social, moral, financial, and personal exploitation while on the premises," Mich. Comp. Laws § 400.706(5).

If an adult foster care facility is not properly licensed, it may not be compensated under the No-Fault statute for any products, services, or accommodations rendered. See Mich. Comp. Laws § 500.3157 ("A physician, hospital, clinic or other person or institution <u>lawfully</u> rendering treatment to an injured person for an accidental bodily injury covered by personal protection insurance . . . may charge a reasonable amount for the products, services and accommodations rendered.") (emphasis added); <u>Healing Place at North Oakland Med. Ctr. v. Allstate Ins. Co.</u>, 744 N.W.2d 174, 179 (Mich. Ct. App. 2007) ("The no-fault act must be read to provide that if both the individual who provided services and the institution to which the individual belonged were each required to be licensed, and either was not, the 'lawfully render[ed]' requirement is not met.").

There is no dispute in this case that One Life does not have a license to operate as an adult foster care facility. See Def. 2d Mot. ¶ 7; Pl. Resp. ¶ 7 (Dkt. 76). Thus, if State Farm can show that One Life is an adult foster care facility under the law, recovery for benefits is barred.

There can be no dispute that One Life provided supervision as contemplated by Michigan law – the attendant care calendars clearly state that One Life assisted Thomas with "Medication Management." See New Attendant Care Calendars. At his deposition, Hunter testified that this

included "making sure she's taking her medicine on time." Hunter Dep. at 16. This obviously satisfies the supervision requirement. See Mich. Comp. Laws § 400.704(8)(a) ("[G]uidance of a resident in the activities of daily living, including 1 or more of the following: (a) Reminding a resident to maintain his or her medication schedule, as directed by the resident's physician. . . .").[1] So too with the personal care requirement, as the attendant care calendars make clear that One Life assisted Thomas with, among other activities, grooming and bathing. See New Attendant Care Calendars.

It is less clear that One Life provided "protection" to Thomas. See Mich. Comp. Laws § 400.706(5) (defining protection as "the continual responsibility of the licensee to take reasonable action to ensure the health, safety, and well-being of a resident, including protection from physical harm, humiliation, intimidation, and social, moral, financial, and personal exploitation while on the premises."). The use of the word "including" in the statutory text means that State Farm must show that One Life's services consisted of all of the following: "protection from physical harm, humiliation, intimidation, and social, moral, financial, and personal exploitation while on the premises." See Black's Law Dictionary 11th ed., "Include" ("To contain as a part of something. The participle including typically indicates a partial list," and means the same thing as "including but not limited to."). State Farm has pointed to no evidence that One Life met all of these requirements, particularly protection from various forms of exploitation. Indeed, the attendant care calendars show that "management of finances" is one of the services offered by One Life, but the calendars make clear that she did not receive those services. See New Attendant Care

---

[1] Plaintiff argues that all subsections of Mich. Comp. Laws § 400.704(8) must be proven to show supervision. This argument is clearly contrary to the statutory language, which only requires that "1 or more of the following" subsections be shown.

5

Calendars. State Farm has presented no additional evidence that the care received by Thomas constituted "protection" under Michigan law.

## IV. CONCLUSION

Because State Farm has not presented conclusive evidence that Thomas received "protection" as defined under Michigan law, there remains a genuine issue of fact whether One Life was operating as an adult foster care facility that required licensure for purposes of the No-Fault statute. Accordingly, State Farm's second motion for summary judgment (Dkt. 74) is denied.

SO ORDERED.

Dated: June 25, 2019  
   Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge